UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DAVID FITZPATRICK, as Personal Representative of the Estate of Ryan R. Fitzpatrick, ) ) ) ) Plaintiff, ) ) v. ) ) KENNETH P. COHEN, ) ) Defendant. ) | Docket No. 2:10-CV-54-GZS |

**ORDER ON MOTIONS IN LIMINE**

Before the Court are one motion *in limine* submitted by Plaintiff (Docket # 36) and three motions *in limine* submitted by Defendant (Docket #s 37-39). The Court will address each motion in turn below. All of these pre-trial rulings are made without prejudice to counsel renewing any objection at trial. The Court will reconsider any ruling on counsel's request should the trial yield new evidence not presently before the Court.

<u>Plaintiff's Motion *in Limine* to Exclude Certain Testimony of Mary Stimson (# 36)</u>

GRANTED IN PART and DENIED IN PART. Subject to Defendant laying a proper foundation at trial, in her testimony Ms. Stimson is free to describe what the motorcycle was doing just prior to the accident—*e.g.*, passing or crossing the middle of the road. Ms. Stimson cannot, however, testify that the decedent was operating his motorcycle in an "erratic" and "dangerous" way because he was "obviously hurrying" or that "that motorcycle is going to be an accident;" these types of conclusions are up to the jury to decide.

<u>Defendant's Motion *in Limine* to Exclude Non-Designated Opinion Testimony (# 37)</u>

GRANTED IN PART and DENIED IN PART. To the extent Defendant seeks to exclude specified opinion testimony regarding the decibel levels generated by the decedent's motorcycle,

this portion of the Motion is DENIED AS MOOT based on Plaintiff's representation that he will not call Mr. Farnum and Mr. Diekman to testify. (See Pl.'s Objections to Def.'s Mots. (Docket # 53) at 4.) Subject to Plaintiff laying a proper foundation, lay witnesses for Plaintiff may testify as to equipment put on the motorcycle as well as the volume or loudness of the motorcycle, but they cannot testify as to a specific decibel level or the legality of any such adjustments or noise.

To the extent Defendant seeks to exclude specified testimony by Ms. Kenna Johnston, this portion of the Motion is GRANTED. Under Federal Rule of Evidence 403, Ms. Johnston will not be permitted to testify as to her personal views of the "reasonableness" of the decedent's or Defendant's actions at the time of the accident because its probative value is substantially outweighed by the danger of unfair prejudice and/or the testimony is outside of her expertise.

Defendant's Motion *in Limine* to Exclude Loss of Consortium Evidence (# 38)

GRANTED WITHOUT OBJECTION. The parties agree that, under Maine's wrongful death statute, damages relating to loss of consortium here inure solely to Plaintiff. See also 18-A M.R.S.A. § 2-804(b) ("[T]he jury may give damages not exceeding $500,000 for the loss of comfort, society and companionship of the deceased, including any damages for emotional distress arising from the same facts as those constituting the underlying claim, to the persons for whose benefit the action is brought.") Prior to presenting any evidence in the presence of the jury regarding the effect of the decedent's injury and later death upon his friends and family, counsel must lay a foundation connecting such evidence to Plaintiff.

Defendant's Motion *in Limine* to Exclude Irrelevant and Unduly Prejudicial Evidence (# 39)

GRANTED IN PART, DENIED IN PART, and DEFERRED IN PART. To the extent Defendant seeks to exclude evidence that the decedent's motorcycle was calibrated to be illegally loud or noisy, this portion of the Motion is GRANTED IN PART and DENIED IN

PART. As previously stated, the Court will allow evidence that the motorcycle was louder than other motorcycles. However, the Court will not allow Plaintiff to argue that Defendant is somehow automatically negligent just because the motorcycle was loud.

To the extent Defendant seeks to exclude any inquiry regarding Defendant's employment with Exxon Mobil Corporation and residence in Texas as overly prejudicial, this portion of the Motion is GRANTED IN PART AND DENIED IN PART. The Court will not permit counsel to present any evidence that has a tendency to allude to the relative wealth of the parties. The Court will permit Defendant to testify that he lives in Texas and has a home in Maine. However, the Court will not allow testimony on Defendant's job unless Plaintiff makes a showing as to the particular relevance.

To the extent Defendant seeks to exclude a specified post-accident statement made by the decedent, the Court DEFERS RULING to the conference of counsel scheduled for Wednesday, April 6, 2011.

To the extent Defendant seeks to exclude as both irrelevant and unduly prejudicial any evidence or argument that the decedent was on his way to the hospital to visit his dying mother as a justification for his excessive speed, this portion of the motion is GRANTED.

SO ORDERED.

    /s/ George Z. Singal
    United States District Judge

Dated this 4th day of April, 2011.